IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MARCUS FORD,<br><br>    Defendant. | Case No. 3:20-CR-30052-NJR-1 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582 filed by Defendant Marcus Ford. (Doc. 102). Ford also has asked the Court to appoint him a Federal Public Defender to assist with his motion. (Doc. 103). The Government filed a timely response in opposition. (Doc. 108). For the following reasons, Ford's motions are denied.

## BACKGROUND

On February 23, 2021, the undersigned sentenced Ford to 168 months of imprisonment—a below-guideline sentence—after he pleaded guilty to distribution of methamphetamine and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). (Docs. 68, 71). Ford's sentence was affirmed on appeal. *United States v. Ford*, 22 F.4th 687 (7th Cir. 2022).

Ford now seeks a reduction in his sentence because he believes he is serving an "unusually long sentence" and that revisions to the U.S. Sentencing Guidelines have created a "gross disparity" between the sentence he is serving and what he would receive

if sentenced today. (Doc. 102). Ford also references his rehabilitation, stating that he has taken advantage of "programming and First Step Act opportunities to change his thinking and approach to life." (*Id.*). As a testament to his progress, the Bureau of Prisons (BOP) has placed him in minimum security conditions. (*Id.*).

## LEGAL STANDARD

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed" unless an exception applies. *See Dillon v. United States*, 560 U.S. 817, 824 (2010). One exception allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). A federal prisoner may bring a motion for compassionate release after exhausting the administrative remedies provided by the BOP.[1] *Id.*

The Seventh Circuit has described a two-step process for evaluating a prisoner's motion for compassionate release. First, "the prisoner must identify an 'extraordinary and compelling' reason warranting a sentence reduction." *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021). Second, "[u]pon a finding that the prisoner has supplied such a reason," a court "consider[s] any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner." *Id.*

## DISCUSSION

Ford does not cite any statutory or other authority that would permit the Court to

---

[1] Ford does not even mention administrative remedies in his motion, much less prove that he exhausted the process provided by the BOP. Nevertheless, because the Government does not dispute that Ford exhausted his administrative remedies, the Court will review the merits of Ford's motion. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) ("§ 3582(c)(1)(A)'s exhaustion requirement is an affirmative defense for the Government to raise").

reduce his sentence. However, his assertion that he is serving an unusually long sentence and that revisions to the U.S. Sentencing Guidelines have created a "gross disparity" between the sentence he is serving and what he would receive if sentenced today is a reference to the Sentencing Commission's November 2023 amendment to § 1B1.13(6) of the Guidelines. The amended provision now states:

> (b) EXTRAORDINARY AND COMPELLING REASONS.—Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof: . . .
>
>> (6) UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason [for compassionate release under § 3852(c)(1)(A)(i)], but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(6).

There are two reasons why Ford is not entitled to relief under § 1B1.13(6).

First, Ford has not served at least 10 years of his term of imprisonment. Indeed, he has served less than five years of his 14-year sentence.

Second, Ford has not identified any change in the law that would constitute an extraordinary and compelling reason for release. Ford claims that his criminal history score of 6 was heightened due to two previous charges—petty theft and possession of marijuana—that have been dismissed. Therefore, if he were sentenced today, he would have a lower criminal history score of 4. But as noted by the Government, those charges

were never dismissed. Ford received one criminal history point for theft that occurred in 2008 when Ford was 18. Ford pleaded guilty to stealing ice cream sandwiches and was sentenced in St. Clair County to three months of court supervision. (Doc. 54 at p. 8). Ford also received a criminal history point for possession of cannabis in 2009, when Ford was 19. Ford pleaded guilty to that charge as well and was sentenced in St. Clair County to a fine. (*Id.*). Thus, there is no basis to find that Ford would receive a lower criminal history score if he were sentenced today. And even if he would, § 1B1.13(6) applies to changes in the *law*, not changes to a defendant's criminal history.

The Court also notes that it sentenced Ford to a below-guideline sentence, in part, *because* of his youth and the petty nature of these two crimes. (Doc. 72). The Court sentenced Ford to 168 months' imprisonment, which, at his offense level of 35, would be the low end of the range for someone with *zero* criminal history points.[2] It is hard for the Court to understand why Ford thinks his sentence is "unusually long" or that he would receive a lower sentence if sentenced today.

The Government, acknowledging that the unusually long sentence provision in § 1B1.13(6) does not apply to Ford's circumstances, also argues that Ford is not entitled to relief under § 1B1.13(b)(5). That section states that an inmate can demonstrate extraordinary and compelling circumstances if he "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Paragraphs 1 through (4) apply to the medical

---

[2] Ford's advisory guideline range was 210 to 262 months. (Doc. 54 at p. 19).

circumstances of the defendant, the age of the defendant, family circumstances of the defendant, and whether the defendant was the victim of any physical or sexual abuse. § 1B1.13(b)(1)-(b)(4).

The Court agrees with the Government that Ford has not presented any circumstances that are similar in gravity to those described in paragraphs (1) through (4). While Ford points to his rehabilitation, as the U.S. Sentencing Guidelines recognize, rehabilitation alone is not an extraordinary and compelling reason for compassionate release. § 1B1.13(d). And Ford has not provided any other circumstance that, when combined with his rehabilitation, would justify compassionate release. *See id.*

Because Ford has not demonstrated any extraordinary and compelling reason for compassionate release, the Court need not determine whether the § 3553(a) sentencing factors warrant his release. Ford's Motion for Sentence Reduction pursuant to 19 U.S.C. § 3582 (Doc. 102) and his Motion to Appoint Counsel (Doc. 103) are **DENIED**.

**IT IS SO ORDERED.**

DATED:   November 5, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**