**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MARCUS J. FORD,**<br><br>**Defendant.** | **Case No. 3:20-CR-30052-NJR** |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is Defendant Marcus J. Ford's *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 110). The Government filed a timely response in opposition, and Ford filed a reply brief. (Docs. 115, 117). For the following reasons, Ford's motion is denied.

## Background

On February 23, 2021, this Court sentenced Ford to 168 months' incarceration—a sentence below the applicable guideline range—after he pleaded guilty to one count of Distribution of Methamphetamine and one count of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Ford's sentence was affirmed on appeal. *United States v. Ford*, 22 F.4th 687 (7th Cir. 2022).

Ford now seeks a sentence reduction based on § 3582(c)(2) and Part A of Amendment 821 to the U.S. Sentencing Guidelines (U.S.S.G.). (Doc. 110). Specifically, Ford contends that Amendment 821 reduces his criminal history points such that his

corresponding Criminal History Category decreases from Category III to Category II, thereby lowering the applicable guideline range.

## LEGAL STANDARD

In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1. The amended provision states, in relevant part:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). Thus, a defendant who has 7 or more criminal history points and who committed the offense of conviction while under any criminal justice sentence now receives 1 status point instead of 2 status points. § 4A1.1(e). A defendant who has 6 or fewer criminal history points and who committed the offense of conviction while under any criminal justice sentence now receives no status points. § 4A1.1(e). Amendment 821 took effect on November 1, 2023, and the Sentencing Commission has affirmed that its changes apply retroactively. *See* § 1B1.10(e)(2).

## DISCUSSION

At his 2021 sentencing, Ford received 4 criminal history points and 2 additional status points for committing the instant offense while on probation. (Doc. 54, ¶¶ 59-60). This brought his total criminal history score to 6, placing him in Criminal History Category III. (*Id.* at ¶ 61). Given Ford's total offense level of 35 and Criminal History Category III, the resulting advisory guideline range was 210 months to 262 months of

imprisonment. (*Id.* at ¶ 93).

Part A of Amendment 821 permits the retroactive subtraction of Ford's 2 additional status points. Although Ford committed the offense of conviction while on probation, he had only 4 criminal history points otherwise. (*Id.* at ¶ 59). Because Amendment 821 eliminates status points for defendants with 6 or fewer criminal history points, Ford's 2 status points should be subtracted from his overall criminal history score, reducing his score from 6 to 4.

The reduction, however, does not alter Ford's placement in Criminal History Category III. A criminal history score between 4 and 6 corresponds with Category III. Thus, even after subtracting Ford's 2 status points, he remains in Category III. Because Ford's total offense level of 35 and Category III status remain unchanged, the applicable guideline range likewise remains at 210 to 262 months' imprisonment.

In his reply brief, Ford argues that he erroneously received a criminal history point for a prior Class B misdemeanor possession of cannabis case that was dismissed. Thus, he should only have been assessed 5 criminal history points. The subtraction of 2 points would then place him in Criminal History Category II. Unfortunately, this is incorrect. Ford was not assessed a criminal history point for the Class B misdemeanor case that was dismissed on February 16, 2011 (*see* Doc. 117, p. 3); in fact, it is not even listed in his presentence investigation report. (Doc. 54, p. 8). Ford *was* assessed a point for a Class A misdemeanor possession of cannabis charge to which pleaded guilty on February 16, 2011. (*Id.*). Thus, Ford's Criminal History Category remains at III, and the application of Amendment 821 does not change Ford's guideline imprisonment range.

## CONCLUSION

For these reasons, the Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) filed by Defendant Marcus J. Ford (Doc. 110) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: October 2, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**